SOL:DMT:SR
(05)01564

**05 CV 6251**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ELAINE L. CHAO, Secretary of Labor,  :
United States Department of Labor,
                                     :
           Plaintiff,                    Civil Action File
                                     :
       v.                                No.
                                     :
NATIONAL BENEFIT RETIREMENT PLAN AND     COMPLAINT
TRUST a/k/a LOFEK CONSTRUCTION CORP. :
MONEY PURCHASE PLAN and BENESYSTEMS,
INC.,                                :

           Defendants.               :
------------------------------------

RECEIVED
JUL 07 2005
U.S.D.C. S.D. N.Y.
CASHIERS

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title 1 of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

Jurisdiction, Parties and Venue

2. Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The National Benefit Retirement Plan and Trust a/k/a Lofek Construction Corp. Money Purchase Plan a/k/a Lofek Construction Corporation Retirement Savings Plan a/k/a Lofek Construction Corp. Employees Retirement Savings Plan (hereafter

"the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by Lofek Construction Corporation ("Lofek Construction"), an employer of employees covered by the Plan.

4. Benesystems, Inc. a/k/a Beneco, Inc. ("Benesystems") is the custodian of the assets of the Plan. Benesystems is named as a defendant pursuant to Fed.R.Civ.P. 19, to ensure that the complete relief can be afforded among the parties by the Court in this case.

5. Venue for this action lies in the Southern District of New York where the plan sponsor was located, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

6. Stephen Fekishazy ("Fekishazy") was the Trustee of the Plan.

7. Fekishazy was also the Principal Owner and Secretary of Lofek Construction Corporation.

8. To the best of the Secretary's knowledge, information and belief, Fekishazy is deceased.

9. To the best of the Secretary's knowledge, information and belief, Lofek Construction ceased doing business in 1993.

10. To the best of the Secretary's knowledge, information and belief, Lofek Construction dissolved in 1995.

11. To the best of the Secretary's knowledge, information and belief, at no time prior to his death did Fekishazy take steps to ensure the continued administration or proper termination of the Plan.

12. To the best of the Secretary's knowledge, information and belief, at no time after Lofek Construction ceased business operations did any officer or owner take steps to ensure the continued administration or proper termination of the Plan.

13. Neither Lofek Construction nor any agent of Lofek Construction has successfully appointed a trustee to replace Fekishazy. To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets.

14. Since Fekishazy's death, the sole participant in the Plan has not been able to gain access to the Plan funds.

15. The Plan has not been formally terminated.

16. To the best of the Secretary's knowledge, information, and belief, Benesystems is currently holding assets of the Plan with a value of approximately $3,996.16 as of April 2, 2004.

## Violations

17. Because of the facts and circumstances set forth in Paragraph 6-16, above, the Plan does not have a named fiduciary or trustee with exclusive authority and discretion to manage and

control its assets as required by ERISA § 42(a), 29 U.S.C. § 1102(a); and ERISA § 43(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

18. Because of the facts and circumstances set forth in Paragraphs 6-16 above, the participant has not been able to access the account balance, either to reinvest it in other tax-qualified retirement savings vehicles before retirement, or to draw it down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 112(b)(4).

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A. Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination; and,

B.   Provide such other relief as may be just and equitable.

DATED:   June 30, 2005
         New York, New York

Respectfully submitted,

/s/ Howard M. Radzely
HOWARD M. RADZELY
Solicitor of Labor

/s/ Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor

/s/ Donyell M. Thompson
DONYELL M. THOMPSON
Attorney
DMT(1603)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212)337-2119
FAX:  (212)337-2112